TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00504-CV






In the Matter of J. D. S.






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-16,733, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING






 The district court of Travis County, sitting as a juvenile court, adjudicated that
appellant, J.D.S., a child, had engaged in delinquent conduct. See Tex. Fam. Code Ann. § 51.03
(West Supp. 1999). Appellant was placed on probation, committed to two different rehabilitation
programs, and eventually ordered to the Texas Youth Commission ("TYC"). See Family Code
§ 54.04(d). In three points of error, appellant asserts the trial court violated his due process rights
by: (1) continuing his probation after he violated conditions of probation, then later revoking his
probation based on the same violation; (2) revoking his probation for subsequent behavior without
a formal motion, notice, and hearing; and (3) modifying his probation and committing him to TYC
without proper statutory authority. We will affirm.


FACTUAL AND PROCEDURAL BACKGROUND

 On February 11, 1998, a trial court found appellant guilty of engaging in delinquent
conduct under section 51.03 of the Texas Family Code. At the disposition hearing, the trial court
placed appellant on probation, released him to his mother's custody, and ordered him to attend an
outpatient rehabilitation program. On May 20, appellant's probation was modified, and he was
ordered to complete an inpatient program at Phoenix House. Appellant ran away from Phoenix
House on May 30, at which time the State filed a motion to modify the terms of his probation. 
A hearing on the motion to modify was held on June 24, and appellant pleaded true to the
allegation that he ran away. The probation department recommended that appellant be placed in
Southwest Keys, a new day-treatment program. The court recessed the hearing to give the parties
an opportunity to learn more about Southwest Keys and scheduled the disposition hearing to
reconvene on July 6.

 At the July 6 continuation, the court ordered appellant to attend the Southwest Keys
program. The associate judge who presided over the disposition hearing also warned appellant
that if he did not complete the Southwest Keys program, he would be sent to TYC, noting that he
was writing "TYC" on the court order. The court recessed the disposition hearing and scheduled
a continuation for August 5. Before that date, appellant was discharged from Southwest Keys after
he allegedly assaulted a staff member. When the hearing resumed on August 5, the court heard
testimony about appellant's behavior at Southwest Keys and committed appellant to TYC.


DISCUSSION

 Appellant's first point of error complains the trial court violated his due process
rights when it revoked his probation on August 5 for running away from Phoenix House even
though it had effectively continued his probation on July 6 based on the same Phoenix House
incident. Appellant contends this procedure was an illegal "delayed commitment" because the trial
court continued and then revoked his probation based on the same violation without hearing
evidence of a new violation. See Rogers v. State, 640 S.W.2d 248, 255, 263 (Tex. Crim. App.
1982).

 The State responds that the trial court did not employ a delayed commitment;
instead, the court held a "three-part" disposition hearing that merely gave appellant a chance to
recover at Southwest Keys before being committed to the stricter TYC program. The State argues
that the trial court sentenced appellant to TYC based on the Phoenix House violation that was
adjudicated July 6, but stayed that order to give appellant the opportunity to take advantage of
Southwest Keys first.

 We need not reach the merits of appellant's contentions, however, because he failed
to preserve the complaint for appellate review. A trial court can violate a party's due process
rights if, after probation was continued, it revokes probation without evidence of a new violation. 
See Rogers, 640 S.W.2d at 252, 263. Due process also requires that the probationer receive
notice and a hearing to adjudicate the new violation. See id. However, the probationer waives
these errors on appeal if he does not object to them on due process grounds at the time the trial
court continues the hearing or probation, at the time of revocation, or at the time of sentencing. 
See Rogers, 640 S.W.2d at 263-64; In re M.A.S., 679 S.W.2d 548, 552 (Tex. App.--San Antonio
1984, no writ).

 In the instant case, there is no indication in the record that appellant made any
objections on due process or any other grounds at any point during the disposition proceedings. 
Because appellant did not object or notify the court of its alleged errors, he waived his right to
have those complaints reviewed on appeal. See Rogers, 640 S.W.2d at 263-64; M.A.S., 679
S.W.2d at 552. Appellant's first point of error is overruled.

 We can dispose of appellant's other points of error on similar grounds. In his
second issue on appeal, appellant argues the court erred by revoking his probation based on his
subsequent behavior at Southwest Keys without a formal motion, notice, and hearing. Again,
there is no indication that appellant objected when the court heard evidence about his conduct at
Southwest Keys. On the contrary, appellant expressly consented to the probation officer's
testimony about the alleged assault at the hearing on August 5. Generally, this Court will not
consider any error that appellant could have called to the attention of the trial court but did not. 
See Rogers, 640 S.W.2d at 264. Appellant's second point of error is therefore overruled.

 Finally, appellant's third point of error alleges due process violations because the
court exceeded its statutory authority in committing appellant to TYC. Once again, this error was
not properly preserved. See Rogers, 640 S.W.2d at 264; M.A.S., 679 S.W.2d at 552. Appellant's
third point of error is overruled.


CONCLUSION

 We overrule appellant's points of error and affirm the judgment of the trial court.



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: April 1, 1999

Do Not Publish



es
an opportunity to learn more about Southwest Keys and scheduled the disposition hearing to
reconvene on July 6.

 At the July 6 continuation, the court ordered appellant to attend the Southwest Keys
program. The associate judge who presided over the disposition hearing also warned appellant
that if he did not complete the Southwest Keys program, he would be sent to TYC, noting that he
was writing "TYC" on the court order. The court recessed the disposition hearing and scheduled
a continuation for August 5. Before that date, appellant was discharged from Southwest Keys after
he allegedly assaulted a staff member. When the hearing resumed on August 5, the court heard
testimony about appellant's behavior at Southwest Keys and committed appellant to TYC.


DISCUSSION

 Appellant's first point of error complains the trial court violated his due process
rights when it revoked his probation on August 5 for running away from Phoenix House even
though it had effectively continued his probation on July 6 based on the same Phoenix House
incident. Appellant contends this procedure was an illegal "delayed commitment" because the trial
court continued and then revoked his probation based on the same violation without hearing
evidence of a new violation. See Rogers v. State, 640 S.W.2d 248, 255, 263 (Tex. Crim. App.
1982).

 The State responds that the trial court did not employ a delayed commitment;
instead, the court held a "three-part" disposition hearing that merely gave appellant a chance to
recover at Southwest Keys before being committed to the stricter TYC program. The State argues
that the trial court sentenced appellant to TYC based on the Phoenix House violation that was
adjudicated July 6, but stayed that order to give appellant the opportunity to take advantage of
Southwest Keys first.

 We need not reach th